**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 0:21-cv-60503-RKA**

EDUARDO GARCIA,

      Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC

      Defendant.

_____/

**DEFENDANT, HEALTHCARE REVENUE RECOVERY GROUP, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC ("HRRG"), and files its Answer and Affirmative Defenses to the Plaintiff's Complaint in the above-entitled matter, denies each and every allegation in the Complaint, unless otherwise admitted or qualified in this Answer, and states and alleges as follows:

**JURISDICTION AND VENUE**

1. Admitted for purposes of jurisdiction, venue and claims identification purposes only; otherwise denied.

2. Admitted for purposes of jurisdiction, venue and claims identification purposes only; otherwise denied.

**PARTIES**

3. Admitted for purposes of jurisdiction and venue only; otherwise denied.

4. Admitted for purposes of jurisdiction and venue only; otherwise denied.

5. Admitted for purposes of jurisdiction and venue only; otherwise denied.

6.      Admitted for purposes of jurisdiction and venue only; otherwise denied.

7.       Defendant hereby demands a jury trial.

## **FACTUAL ALLEGATIONS**

8.      Unknown at this time; therefore denied.

9.      The allegations contained in this paragraph are asserted against an entity other than Defendant HRRG and therefore Defendant HRRG lacks sufficient knowledge to either admit or deny the allegation. To the extent that the allegation is alleged directly or indirectly against Defendant HRRG, the paragraph is denied.

10.     The allegations contained in this paragraph are asserted against an entity other than Defendant HRRG and therefore Defendant HRRG lacks sufficient knowledge to either admit or deny the allegation. To the extent that the allegation is alleged directly or indirectly against Defendant HRRG, the paragraph is denied.

11.     The allegations contained in this paragraph are asserted against an entity other than Defendant HRRG and therefore Defendant HRRG lacks sufficient knowledge to either admit or deny the allegation. To the extent that the allegation is alleged directly or indirectly against Defendant HRRG, the paragraph is denied.

12.     Unknown at this time; therefore denied.

13.     Admitted to the extent that Defendant HRRG was retained to seek a past due medical debt obligation on behalf of the original creditor; otherwise denied.

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.     Admitted.

18.     Admitted.

19.     Admitted.

20.     Admitted.

21.     Admitted.

22.     Admitted.

23.     Admitted.

24.     Denied as phrased.

25.     Unknown at this time; therefore denied.

26.     Unknown at this time; therefore denied.

27.     Unknown at this time; therefore denied.

28.     Unknown at this time; therefore denied.

29.     Unknown at this time; therefore denied.

30.     Unknown at this time; therefore denied.

## Count I
### [Fair Debt Collection Practices Act]

31.     HRRG incorporates by reference all of its answers to the above paragraphs of the Complaint as though fully stated herein.

32.     Admitted to the extent that the provisions of Section 440 are self-evident; otherwise denied. Defendant HRRG demands strict proof thereof.

33.     Admitted to the extent that the provisions of Section 440 are self-evident; otherwise denied. Defendant HRRG demands strict proof thereof.

34.     Admitted to the extent that the provisions of Section 440 are self-evident; otherwise denied. Defendant HRRG demands strict proof thereof.

35.    Admitted to the extent that the provisions of Section 1692e are self-evident; otherwise denied. Defendant HRRG demands strict proof thereof.

36.    Denied; Defendant demands strict proof thereof.

37.    Denied; Defendant demands strict proof thereof.

38.    Denied; Defendant demands strict proof thereof.

39.    Denied; Defendant demands strict proof thereof.

40.    Denied; Defendant demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff failed to state a claim upon which relief can be granted. Therefore, Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) Fed. R. Civ. P.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations of the Fair Debt Collection Practices Act ("FDCPA") since the alleged action or inaction, even if demonstrated as true, exceeds more than one (1) year from the date of the filing of this Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### FOURTH AFFIRMATIVE DEFENSE

While HRRG denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then HRRG alleges such damage was not caused by HRRG but was proximately caused or contributed to by the conduct of others for whom HRRG is not responsible or liable.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred in whole or in part because HRRG at all times acted in a reasonable manner and in good faith.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has been damaged, which HRRG specifically denies, Plaintiff has failed to mitigate those damages and therefore should not be able to recover any unmitigated damages from HRRG.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiffs failed to take reasonable steps to mitigate damages with respect to the matters alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant affirmatively alleges that the alleged actions of the Defendant and its agents and employees are protected by the "*bona fide* error" defense pursuant to Section 1692k of the Fair Debt Collection Practices Act (FDCPA), because such actions or inactions, if they occurred were not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such errors.

**WHEREFORE,** Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. dismissing all alleged causes of action against HRRG with prejudice and on the merits; and

2. awarding HRRG such other and further relief as the Court deems just and equitable, including its fees and reasonable costs in defending against this action.

Dated this **8th** day of **April 2021.**

Respectfully submitted,

/s/ *Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **April 8, 2021**, via the Clerk of Court's CM/ECF system which will provide electronic notice to the attorneys of record.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Florida Bar No.: 110108
SKohlmyer@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Phone: (407) 622-1772
Fax: (407) 622-1884
*Attorneys for Defendant, Healthcare*
*Revenue Recovery Group, LLC*